BENNINGTON,
*February,*
1842.

Card
*v.*
Curtis.

### PERRY G. CARD *v.* BERLIN CURTIS.

Where the plaintiff took a note against two debtors and also a note against one of the same debtors, and, at the time of taking them, agreed, in writing, to give up the latter note to the maker on his paying the note signed by both debtors, and further agreed to give thirty days notice before he called for the money, *it was held* that the agreement to give such notice was without consideration, and that the plaintiff might maintain an action upon the note signed by one of the debtors, the other note not being paid, without giving notice.

The inference to be drawn from such agreement is that both notes were given as security for the same debt.

ASSUMPSIT, on a promissory note given for value received by the defendant for one hundred dollars, dated July 1, 1839, payable to the plaintiff, or bearer, by the first day of September, 1839, with interest.

Plea, non-assumpsit, issue to the court.

On the trial, in the county court, the note declared upon having been admitted in evidence without objection, the defendant offered in evidence a paper, signed by the plaintiff, of the following tenor :—

'Berlin Curtis has left with me a note for one hundred
'dollars, which I will give up if he pay me a note I hold
'against him and Roswell Tuttle for one hundred fifteen dol-
'lars and fifty cents, with interest, when called for. I will
'write to him three weeks before I call for the money. I
'will take enough of the note to indemnify me for coming
'[going] after the money. Troy, Oct. 28, 1839.'

*S. Swift* argued for plaintiff.

*Sargeant & Miner* for defendant.

It is insisted, on the part of the defendant, that the writing offered in evidence by him was a good defence.

The note is *prima facie* evidence only of an indebtedness ; and, in all mercantile transactions, promissory notes are delivered to furnish the creditor with such evidence. Cunningham on Bills, 119, 120.

In the case under consideration the paper offered by the defendant, although not drawn with technical formality, does

amount to a clear acknowledgment that the plaintiff did not and does not hold the note in suit as such evidence, but that it is to be given up on the payment of another note, the payment of which is guaranteed by other security, and the payment of the other security is subject to the *condition precedent*, when called for, and to the agreement to give three weeks notice before the call should be made.

Now this writing must be construed as meaning what we claim, or it means nothing. Certainly the court will not conclude that the parties met, made a contract, and the plaintiff undertook to give the defendant written evidence of the contract, and yet say it means nothing. It proves that the note in question was not delivered to the plaintiff on the first day of July, 1839, but on the 28th of October afterwards. It also controverts and disproves the allegation of any consideration passing from the plaintiff to the defendant, and does prove that the note in question, instead of being held as evidence of a debt, was to be given up on the happening of a contingency, depending upon a condition to be first performed by the plaintiff, to wit, giving three weeks notice and then calling for the payment upon the other security.

Again. It appearing that both papers were delivered on the 28th of October, 1839, and both relating to the same subject, they must be regarded as one entire contract, and may be regarded as a contract, on the part of the defendant, that when the plaintiff did write and give three weeks notice, and the defendant should thereupon neglect to pay the other note for the space of three weeks, he should indemnify the plaintiff for his trouble and expense of coming after the money, and might hold this note as a security for such indemnity. *Ray* v. *Roberts*, 2 Aik. 204.

For aught that appears in the case, the plaintiff has not to this day given notice, or been damnified by any trouble or expense in coming after his money. Then how can his right to sue upon this note be said to have accrued ?

The opinion of the court was delivered by

ROYCE, J. — The only question is whether the writing, signed by the plaintiff, and bearing date October 28th, 1839, discloses a defence to this action. It is relied upon as affect-

Bennington, *February,* 1842.

Card *v.* Curtis.

ing the right of recovery in several ways; 1. As showing a want of consideration for the note declared on; 2. As showing payment thereof by the note of $115.00, signed by the defendant and Tuttle, and, 3. As showing it subject to a condition not yet performed.

The inference most favorable to the defendant is, that the note in suit and the one signed with Tuttle were received by the plaintiff at the same time; and that, to the amount of the former, they were given for the same debt. But upon this supposition it would not follow that one became an operative instrument and the other not. It would be but a case of two distinct securities for the same debt, where a satisfaction of the debt would operate alike upon both securities. The writing alone is not sufficient to establish either of the supposed defences. It does not disprove the consideration, which is admitted on the face of the note, nor does it show that the other note was ever received in payment of this. On the contrary, the stipulation to surrender this note if the other is paid, implies that until the other is paid this is to remain in force. And as to the plaintiff's undertaking to give thirty days notice in writing, I need only say that no consideration appears to render it binding upon him.

Judgment affirmed.